**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN BROWN, JR., | : | |
| | : | |
| Plaintiff/Petitioner, | : | CIVIL ACTION NO. 2:22-cv-03296-GAM |
| | : | |
| v. | : | |
| | : | |
| ALAN SIMONS, | : | |
| | : | |
| Defendant/Respondent. | : | |
| | : | |
| ALAN SIMONS, | : | |
| | : | |
| Plaintiff/Petitioner, | : | CIVIL ACTION NO. 2:19-cv-05074-GAM |
| | : | |
| v. | : | |
| | : | |
| JOHN BROWN and | : | |
| LORRAINE BROWN, | : | |
| | : | |
| Defendants/Respondents. | : | |

## PLAINTIFF'S/PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff/Petitioner John Brown, Jr. ("Brown"), by and through his undersigned counsel, hereby submits the following Response to the Court's Order to Show Cause (ECF No. 38), setting forth the legal basis upon which his claim for breach of contract survives confirmation of the underlying arbitration award.

## FACTS

On August 18, 2022, Brown filed the Petition to Confirm Arbitration Award and Complaint for Breach of Contract ("Complaint") in Action No. 2:22-cv-03296-GAM (ECF No. 1), which action was subsequently consolidated with Action No. 2:19-cv-05074-GAM. Count I of the Complaint sought confirmation of an arbitration award ("Award") entered in the Put-Call

arbitration between the parties; Count II asserted a claim for breach of contract. Though interrelated, Counts I and II are nevertheless legally distinct causes of action, such that Brown's contract claim should survive confirmation of the Award.

At issue in the arbitration was the enforceability of a purported oral agreement for Brown's purchase of Simons' interest in RDS Vending, LLC (the "Settlement Agreement"). Specifically, on June 7, 2022, the arbitration Panel issued an Award finding that "[t]he terms of the oral agreement reached between the parties on June 4, 2020, as set forth in George Bochetto's Bullet Point Summary are binding," and setting the Purchase Price for Simons' remaining interest in RDS at $6.5 million. *See* Compl., Ex. C at p. 1. On June 14, 2022, Brown sought clarification from the Panel as to whether its ruling regarding the binding nature of the Settlement Agreement applied to all of the bullets in the Bochetto Bullet Point Summary, or only those provisions relating to the purchase price to be paid for Simons' remaining shares, since the Panel's purview was limited to determining that purchase price. On June 15, 2022, the Panel confirmed that all of the terms of the Bochetto Bullet Point Summary were binding upon the parties. *See* Compl., Ex. E.

It is axiomatic that an arbitration award becomes final where it is intended to be a "complete determination of all claims submitted" to it. *Robinson v. Littlefield*, 626 Fed. App'x. 370, 373 (3d Cir. 2015) (citation omitted). While arbitration panels are often called upon to resolve breach of contract claims, that was decidedly ***not*** the gravamen of the dispute before the Panel here. To the contrary, the claims submitted to the Panel involved determination of exactly what provisions were to be included in the parties' Settlement Agreement, which was intended to effectuate the transfer of Simons' interest in RDS to Brown. Consequently, the Award confined its analysis to identifying the applicable terms of the transaction, including the closing date and the purchase price. In doing so, the Award underscored that "[t]he panel shall retain jurisdiction of this matter until the above

transaction has been finalized." *See* Compl., Ex. C ¶ h.  The RDS transaction was, in fact, completed on August 8, 2022, at which time the Panel's jurisdiction ended.  *See* Compl. ¶ 40.  And on August 23, 2022, the Panel expressly declined Simons' invitation to act further in this matter, stating that it "unanimously believes it has no authority to do anything other than await the federal court's decision on the petition recently filed by Mr. Brown."  ECF No. 34, Ex. A.

## ARGUMENT

Arbitration awards are without legal force and effect unless and until they are submitted for judicial approval through a petition for confirmation.  *See Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 251-53 (3d Cir. 2020).  By petitioning this Court to confirm the Award in Count I, Brown sought judicial approval that the terms of the Settlement Agreement as reflected in the Award formed a valid and enforceable agreement between the parties, such that Simons could therefore be held liable for breaching those terms.  While this initial step was a necessary predicate to Brown's breach of contract claim in Count II, confirmation of the Award via Count I does ***not*** preclude this claim.

As the Court correctly noted "Once confirmed, arbitration awards become enforceable court orders, and, when asked to enforce such orders, a court is entitled to require actions to achieve compliance with them."  ECF No. 37 at p. 6.  In Count II, however, Brown does not merely seek enforcement of the Award.  To be clear, the Award itself centered on the terms of the oral agreement for the sale of Simons' interest in RDS.  This transaction closed on August 8, 2022, and Brown has been operating RDS since that date.  Rather, Brown's breach of contract claim hinges upon Simon's post-closing conduct, which was neither presented to nor decided by the Panel. Specifically, in support of Count II Brown alleges that:

3

1. Despite his clear duty to leave a $1 million cash reserve in RDS, Simons left so little cash in the company upon his departure that by August 11, 2022 – just three days after the closing – RDS's bookkeeping staff reported to Brown that the company was out of cash, and that it would be unable to pay its bills or meet payroll unless Brown personally infused more cash into the company.   Compl. ¶¶ 52-53.

2. Simons greatly exaggerated the amount of cash in the RDS vending machines, representing that there was roughly twice the minimum amount of cash that should have been present in the machines, despite lacking any support for this representation. *Id*. ¶ 56.

3. Simons made unauthorized and improper 11th-hour distributions and failed to pay bills as they came due in the ordinary course, leaving Brown to pay for months' worth of services or goods provided to the company during Simons' term as Manager. *Id*. ¶¶ 57-63.

4. Simons breached his obligation to work on-site at RDS for 12 months after the closing, on site for 6 months and remotely for another 6 months, all without pay, to provide transitional assistance. *Id*. ¶ 66.

In a breach of contract action, the plaintiff may seek a variety of remedies, both legal and equitable, including rescission and restitution. *See Smith v. Brink*, 561 A.2d 1253, 1255 (Pa. Super. Ct. 1989); *see also Widmer Eng'g, Inc. v. Dufalla*, 837 A.2d 459, 467 (Pa. Super. Ct. 2003) (noting it is "a settled principle of contract law [in Pennsylvania that] a material breach by one party to a contract entitles the non-breaching party to suspend performance").   In addition, under Pennsylvania law, reformation may be available when one party to the contract has made a mistake, and the other side has knowledge of that mistake. *See Line Lexington Lumber & Millwork Co. v. Pa. Publ'g Corp.*, 301 A.2d 684, 687 (Pa. 1973) (citing Williston on Contracts, 3rd Ed. § 1577; Restatement of Contracts § 505; Corbin on Contracts, 1960 Ed. § 610).  A party seeking reformation on the basis of unilateral mistake may be granted relief if "the party against whom reformation is sought has such knowledge of the mistake as to justify an inference of fraud or bad faith." *Id*.

4

The only issue before the arbitration Panel was whether or not the oral agreement between Brown and Simons was final and binding – not what remedies were available to Brown if Simons subsequently breached that agreement.   That is why the Panel declined to act further in the matter after Simons did in fact breach that agreement.   That is the issue presented here.   The allegations in the Complaint, if proven, give rise to both legal and equitable remedies and Brown should be permitted to pursue these remedies in connection with Count II.

The Third Circuit's recent decision in *Siegel v. Goldstein,* No. 20-3547, 2022 WL 2234952 (3d Cir. June 22, 2022), is instructive on this point.   *Siegel* involved a business dispute between members of a dentistry practice.   *Id*. at *1.   After reaching an impasse on the terms of a potential buyout of the plaintiff's interest in the practice, the defendants cancelled the plaintiff's shares under the parties' operating and shareholder agreements.   *Id*.   In response, the plaintiff commenced an action in district court seeking an injunction that required the return of his shares.   *Id*.   The next day, the defendants initiated a JAMS arbitration pursuant to an arbitration clause in the agreements. *Id*.   The plaintiff subsequently amended his complaint to add several equitable claims based on theories of reformation and estoppel, as well as a request for declaratory judgment.   *Id*. at *2.   After the defendants prevailed in arbitration, the District Court confirmed the arbitration award and granted the defendants' motion to dismiss the complaint.   *Id*.

On appeal, the Third Circuit vacated the order of dismissal and remanded for further proceedings on the plaintiff's requests for equitable relief, noting "the Arbitrator did not squarely address Siegel's equitable claims.   Although it declined to reissue Siegel his shares, it did not make a determination that Siegel was not entitled to equitable relief; rather, it simply decided the legal issues in Appellees' demand." *Id*. at *4.   As in *Siegel*, the remedies and theories of recovery asserted here are legally distinct from the issues presented to the arbitration Panel.   Accordingly,

5

Brown's breach of contract claim should likewise survive confirmation of the Award, such that Brown may pursue equitable relief in the form of restitution or otherwise seek rescission of his obligations under the Settlement Agreement in response to Simons' multiple, material breaches.

In the alternative, should the Court determine that Count II fails to adequately plead Brown's equitable claims, Brown respectfully requests leave to amend the Complaint to address any such defect, particularly at this early stage of the proceedings.

## **CONCLUSION**

For the foregoing reasons, Brown respectfully requests that this Court permit Brown to pursue the claims asserted in Count II or, in the alternative, grant leave to replead the Complaint as necessary.

Respectfully submitted,

Dated: March 14, 2023

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Craig D. Mills*
Craig D. Mills (PA Bar ID 81331)
Andrew G. Hope (PA Bar ID 317932)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
T:  (215) 665-8700 | F:  (215) 665-8760
E-mail: craig.mills@bipc.com
         andrew.hope@bipc.com

*Counsel for John Brown and Lorraine Brown*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2023, a copy of the foregoing will be caused to be served via the Court's ECF filing system upon counsel of record.

*/s/ Craig D. Mills*
Craig D. Mills

Dated: March 14, 2023