# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN SIMONS, | : |
| *Plaintiff/Petitioner,* | : |
| v. | : No. 19-5074 |
| JOHN BROWN and LORRAINE BROWN, | : |
| *Defendants/Respondents.* | : |
| | |
| JOHN BROWN, JR., | : |
| *Plaintiff/Petitioner,* | : |
| v. | : No. 22-3296 |
| ALAN SIMONS, | : |
| *Defendant/Respondent.* | : |

## ANSWER

**AND NOW COMES** Defendant Alan Simons ("Simons"), by and through its undersigned counsel, Bochetto and Lentz, P.C., and files this Answer to the Complaint of Plaintiff John Brown ("Brown") in Civil Action No. 22-3296 as follows:

1. Denied as a conclusion of law to which no response is required.

2. Denied as a conclusion of law to which no response is required.

3. Denied as a conclusion of law to which no response is required. Further denied as Simons did not commit any of the alleged breaches.

4. Admitted.

5. Admitted.

1

6. Denied as a conclusion of law to which no response is required.

7. Denied as a conclusion of law to which no response is required. Further denied as Brown has suffered no damages.

8. Denied as a conclusion of law to which no response is required.

9. Denied as a conclusion of law to which no response is required.

10. Admitted.

11. Denied as stated. The rights and obligations of the parties were set forth in several agreements, which speak for themselves.

12. Admitted.

13. Denied. The "Put and Call Agreement," as amended, was found to be ambiguous by the Panel in an arbitration captioned *Brown v. Simons* before ADR Options (hereinafter the "ADR Options Arbitration"). Further denied as the documents speak for themselves.

14. Admitted in part, denied in part. Admitted that Brown and Simons have been litigating since 2019. Denied that there was any litigation in 2018; denied that there is a valid legal claim by Brown in this matter.

15. Denied. Brown's allegations were settled between the parties in 2020, and Brown continued to litigate the claims in bad faith. The dispute between the parties was due to Brown's secret deals with his brother-in-law that were revealed to Simons when a third party wanted to buy RDS.

16. Denied. The dispute between the parties was always about the sale price of RDS and Brown's apparent violation of the agreements between the parties. Further denied as the arbitration demand speaks for itself.

17. Denied as the document in question speaks for itself.

18. Admitted that the arbitrator found against Simons; denied as to any characterization of the finding, which is a document that speaks for itself.

19. Admitted.

20. Admitted.

21. Admitted. Further admitted that during the pendency of this appeal, Brown's counsel represented that the various litigation between Brown and Simons had been settled.

22. Denied as the document in question speaks for itself. Denied as any attorney's fees are due Brown under the Award of June 7, 2022 in the ADR Options Arbitration.

23. Admitted in part, denied in part. Admitted that the Court of Common Pleas Action and the ADR Options Arbitration were filed; denied as to any characterization of same.

24. Denied as the document speaks for itself, and the matter has been settled, as recognized in the Award of June 7, 2022 in the ADR Options Arbitration.

25. Denied as the document speaks for itself, and the matter has been settled, as recognized in the Award of June 7, 2022 in the ADR Options Arbitration.

26. Denied as the documents speaks for themselves, and the matter was settled before those orders were entered, as recognized in the Award of June 7, 2022 in the ADR Options Arbitration.

27. Denied as the documents speaks for themselves, and the matter was settled before those orders were entered, as recognized in the Award of June 7, 2022 in the ADR Options Arbitration.

28. Denied. The Court of Common Pleas Action is stayed pending this matter.

29. Admitted that Simons issued a letter concerning his put rights to Brown on that day; denied as to any characterization thereof, as it is a document that speaks for itself.

30. Denied as stated.  There was no dispute about the price, as Simons' put letter plainly stated the valuation date to be used, and Brown accepted Simons' put.  Further denied as Simons' position was confirmed in the Award of June 7, 2022 in the ADR Options Arbitration.

31. Denied as the documents speaks for themselves.  Further denied as the Award of June 4, 2022 in the ADR Options Arbitration only enforces the June 4, 2020 settlement terms, and not additions of June 5, 2020.

32. Admitted in part, denied in part.  Denied as the documents speaks for themselves. Admitted that the settlement agreement of June 4, 2020, was enforced in the Award of June 7, 2022 in the ADR Options Arbitration.

33. Denied as the documents speaks for themselves.

34. Admitted.

35. Admitted in part, denied in part.  Admitted that Brown sought clarification; denied as to the characterization of same, as the documents speak for themselves.

36. Denied as the documents speaks for themselves.

37. Denied as the documents speaks for themselves.  Denied as to allegations that the Panel "sided" with anyone.

38. Denied.  Simons has no knowledge of Brown's mental state, and cannot confirm it through reasonable investigation.  Further denied as legal conclusions.

39. Denied as a conclusion of law to which no response is required.

40. Admitted that Brown paid Simons for his share of RDS; denied as to specifics of the transaction, which is documented.

41. Denied as the documents speaks for themselves.

42. Denied as the documents speaks for themselves.  Further denied as Brown refused to comply with the settlement agreement for more than two years, and enforcement of the settlement agreement had to be decided by the Panel in the ADR Options Arbitration and then again by this Court.

43. Denied as the documents speaks for themselves.  Further denied as Brown refused to comply with the settlement agreement for more than two years, and enforcement of the settlement agreement had to be decided by the Panel in the ADR Options Arbitration and then again by this Court.

44. Denied as a conclusion of law to which no response is required.  To the extent this paragraph alleges a factual averment, same is denied.

45. Denied as the documents speaks for themselves.

46. Denied as the documents speaks for themselves.

47. Denied.  Simons exchanged his 50% of RDS for the amount set forth in the settlement agreement as enforced in the ADR Options Arbitration and complied with the terms.

48. Denied as the documents speaks for themselves.

49. Denied as stated.  Reimbursement of legal fees for Simons was a contractual right under the parties' agreements, and only occurred after Brown attempted to repudiate the settlement.  Brown knew about the legal fee reimbursement at the time of the hearing and award in the ADR Options Arbitration.

50. Denied.  Brown attempted to repudiate the 2020 settlement soon after it was reached.  Simons' reimbursement of legal fees occurred after Brown attempted to walk away from the settlement, requiring expensive and extensive litigation in three venues because of Brown's recalcitrance.

51. Denied as the documents speaks for themselves.

52. Denied. RDS is a vending company with a substantial amount of cash in a "cash room" on its facility and in vending machines. The need for the $1 million cash reserve was based upon that. Brown's position refuses to accept that change is a form of cash, as RDS had a $1 million cash reserve if the change and cash room amounts are included.

53. Denied. Simons cannot confirm or deny this allegation after reasonable investigation, and discovery is required on this allegation.

54. Admitted in part, denied in part. Admitted that cash is cash, and the RDS had the required cash reserves if you count all of its cash. Denied that there was any requirement that the $1 million could not be in use in the business.

55. Admitted in part, denied in part. Admitted that cash is cash, and the RDS had the required cash reserves if you count all of its cash. Denied that there was any requirement that the $1 million could not be in use in the business.

56. Denied. Simons cannot confirm or deny this allegation after reasonable investigation, and discovery is required on this allegation.

57. Denied as stated. Cash distributions were made prior to closing in order to comply with the terms of the settlement agreement. Brown had constantly advocated, for a period of many years, that the business should not accumulate cash. Simons also had to distribute cash equally to the members as dividends, as he had been doing even during the contentious litigation between Brown and Simons.

58. Denied. Simons had full authority to issue distributions as the manager.

59. Denied as stated. Brown, as 50% member of RDS, received the same distribution as Simons, consistent with Simons' practices.

60. Denied. Simons cannot confirm or deny this allegation after reasonable investigation, and discovery is required on this allegation.

61. Denied as the documents speaks for themselves.

62. Denied. Simons cannot confirm or deny this allegation after reasonable investigation, and discovery is required on this allegation.

63. Denied. The Friedman bill was due to Brown's continual requests for more documentation from the accountant for Brown's own litigation.

64. Denied as the documents speaks for themselves.

65. Denied as the Award of June 7, 2022, does not require that the services be free.

66. Denied. Simons made himself available to Brown.

## COUNT ONE

67. Denied as a conclusion of law to which no response is required.

68. Denied as a conclusion of law to which no response is required.

69. Denied as a conclusion of law to which no response is required.

70. Denied as a conclusion of law to which no response is required.

71. Denied as a conclusion of law to which no response is required.

## COUNT TWO

72. Denied as a conclusion of law to which no response is required.

73. Denied as a conclusion of law to which no response is required.

74. Denied as a conclusion of law to which no response is required. To the extent this paragraph makes a factual allegation, same is denied. Brown's allegation about the terms of the enforceable settlement differ from the Award of June 7, 2022.

75. Denied. Brown attempted to repudiate the settlement agreement, requiring continuation of expensive litigation.

76. Denied. The parties' agreements set forth that Simons was due the reimbursements, and they were made after Brown attempted to repudiate the settlement. Simons left $1 million in RDS, and Brown's argument relies on the nonsensical proposition that U.S. tender is not cash. Finally, Simons made himself available to Brown, and Brown did not want his services.

77. Denied as a conclusion of law to which no response is required.

WHEREFORE, Defendant Alan Simons respectfully requests that this Court grant judgment in his favor, with attorney's fees and costs.

## AFFIRMATIVE DEFENSES

Simons sets forth below his affirmative defenses. By setting forth these defenses, Simons does not assume the burden of proof of any issue, fact, or element of a claim as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's prior material breach excuses liability under any agreement.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed any risk and was fully aware of the circumstances and facts leading to any harm it suffered.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any harm it suffered was not caused by Simons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by acceptance.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, release and/or payment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by consent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the absence of a duty.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, estoppel, or laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by breach of the covenant of good faith and fair dealing.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by contract and failure of a condition precedent.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to setoff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by commercial reasonability or by industry custom.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, the same being expressly denied by Rave, were caused by the acts or omissions of Plaintiff or a third party other than Rave.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to mitigate its damages.

WHEREFORE, Defendant Alan Simons respectfully requests that this Court grant judgment in his favor, with attorney's fees and costs.

**BOCHETTO & LENTZ, P.C.**

Date: 4/17/23

By: */s/ George Bochetto, Esquire*
George Bochetto, Esquire
John A. O'Connell, Esquire
*Attorneys for Plaintiff/Petitioner*
*Alan Simons*

| | | |
|---|---|---|
| **ALAN SIMONS,** | : | |
| | : | |
| *Plaintiff/Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | No. 19-5074 |
| **JOHN BROWN and** | : | |
| **LORRAINE BROWN**, | : | |
| | : | |
| *Defendants/Respondents.* | : | |
| | : | |
| **JOHN BROWN, JR.,** | : | |
| | : | |
| *Plaintiff/Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | No. 22-3296 |
| **ALAN SIMONS,** | : | |
| | : | |
| *Defendant/Respondent.* | : | |

## CERTIFICATE OF SERVICE

I, George Bochetto, Esquire, hereby certify that the foregoing *Answer* was forwarded on this 14th day of April, 2023 via the court's electronic filing systems to the following:

Craig D. Mills, Esquire
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Two Liberty Place
Philadelphia, PA 19102
craig.mills@bipc.com

**BOCHETTO & LENTZ, P.C.**

By:   */s/ John A. O'Connell, Esquire*
      John A. O'Connell, Esquire